UNITED STATES of America,
Plaintiff–Appellee,

v.

Keith W. NASS, Defendant–Appellant.

No. 03–1186.

United States Court of Appeals,
Sixth Circuit.

June 3, 2004.

Andrew B. Birge, U.S. Attorney's Office for the Western District of Michigan, Grand Rapids, MI, for Plaintiff–Appellee.

Robert H. German, German & German, Spring Lake, MI, for Defendant–Appellant.

Before BOGGS, Chief Judge; NELSON and SUTTON, Circuit Judges.

PER CURIAM.

Defendant Keith Nass appeals from the district court's denial of his motion for judgment notwithstanding the verdict after a jury found him guilty of possession of an unregistered machine gun, in violation of 18 U.S.C. § 922(*o*) and 26 U.S.C. § 5861(d). For the following reasons, we affirm.

**I**

Keith Nass came to the attention of the Grand Haven, Michigan, police force with respect to his teenage son's possession of an Uzi machine gun with silencer. When questioned, Nass admitted that he owned such a weapon and knew that his ownership was illegal. He agreed to turn over his extensive collection of firearms and spare parts so that the police could verify his lawful ownership of those weapons. At the police station, Sergeant Jeffrey Crump, who is not an expert on machine guns, ran ballistics checks on the weapons. When he came to one of Nass's three Frankford Arsenal AR–15 rifles, he noticed at first glance that it had a three-position selector switch: safe, semi-automatic, and unmarked. Sgt. Crump correctly deduced that the third setting was for fully automatic fire, so that this apparent AR–15 was in fact an unregistered machine gun.

An AR–15 easily can be and often is converted into a machine gun using simple tools and legally-purchased M–16 parts.

The Government showed at trial that this AR–15 had been so modified, and that Nass's collection included an M–16–style bolt carrier. Nass testified that he did not know how to convert an AR–15 to an M–16, and would never do it, and that he had not known that his gun was converted. But he also testified that he had always wanted to own a machine gun. He exhibited at least some knowledge about the inner design of M–16s and AR–15s.

While the jury was deliberating, it asked the trial judge whether there was testimony that Nass's three AR–15s, including the machine gun, were registered ("Note 6"). Construing Note 6 as a query about proof of ownership. Nass asked for an instruction to the effect that the weapons were not registered as machine guns with the Bureau of Alcohol, Tobacco, and Firearms, but that the two unmodified AR–15s had been traced through the ATF's registration records and found to have been legally purchased by Nass. Although these facts had been disclosed to Nass before the trial, and one witness had discussed tracing procedures, neither party had introduced evidence about tracing those particular guns. The trial judge simply instructed the jury that "tracing" was not the same as "registration" and that whether the other two AR–15s were registered was not at issue. The jury later repeated the question as to only those two AR–15s ("Note 7"). It added, "[i]f he registered the 2 legal ARs but not the illegal one it indicates he knew it was illegal" ("Note 8"). The trial judge responded that there were no charges as to the other AR–15s and no evidence as to whether those weapons were registered, and that he "should not be expected to answer" Note 8.

Nass was acquitted as to the Uzi rifle, and was convicted as to the modified AR–15. He moved unsuccessfully for acquittal notwithstanding the verdict. On appeal,

Nass argues that the Government failed to prove scienter, and that the trial court's refusal to give his requested jury instruction was reversible error.

## II

■ We review the sufficiency of the evidence of Nass's guilt *de novo*. *United States v. Tocco*, 200 F.3d 401, 424 (6th Cir.2000). The evidence is sufficient if any rational factfinder could have found each essential element of Nass's offense beyond a reasonable doubt. *Ibid*.

The only element Nass challenges is scienter. Because an apparently innocent rifle can be converted into an illegal machine gun with no outward sign, scienter as to this crime may not be inferred merely from possession; the Government must prove that the defendant knew the rifle was a machine gun. *Staples v. United States*, 511 U.S. 600, 621–22, 114 S.Ct. 1793, 128 L.Ed.2d 608 (1994). Here, the Government showed more than enough for a jury to find scienter. The Government showed that even a non-expert had quickly noticed the selector switch on the modified AR–15 and deduced its purpose, that Nass stored the otherwise-inexpensive modified AR–15 in the same locked cabinet as his prized rare Lugers, that Nass was very familiar with his own collection, that he was familiar with the design of AR–15s and M–16s, that he owned an M–16 spare part that could be used for conversion, and that he admitted to illegal possession of the Uzi machine gun. Nass's challenge is bootless.

## III

■ Nass's attempt to find error in the trial court's refusal of his proposed jury instruction is equally unfounded. We review this decision for abuse of discretion. *United States v. Ricketts*, 317 F.3d 540, 544 (6th Cir.2003). A conviction may be reversed only if all the jury instructions, "viewed as a whole, were confusing, misleading, and prejudicial." *United States v. Wells*, 211 F.3d 988, 1002 (6th Cir.2000). We ask whether the refused instruction states the law correctly, is not redundant, and "concerns an important point which impairs the defendant's theory of the case." *Ricketts*, 317 F.3d at 544.

Nass reasons that Note 8 shows that the jury found him guilty based on an error of fact that the trial judge could have easily remedied by an instruction that all three weapons had been legally purchased. Because the jury relied so heavily on this one point, Nass urges, the judge's failure to clear it up tainted the instructions as a whole.

Nass simply misrepresents the record. The record does not show that Nass requested an instruction that he had legally purchased all three AR–15s. Rather, he asked for an instruction that he had legally purchased the two AR–15s as to which no charge was brought. The trial judge made no error in refusing that request, because admitting new evidence during deliberation would have been an extraordinary departure from normal trial procedure, not justified by whatever slight relevance Nass's lawful purchase of those two weapons may have had. Indeed, introducing new evidence would not have been responsive to Note 6. which asked whether there was "testimony" that Nass's AR–15s were registered. Moreover, even if there had been testimony to support the facts set forth in Nass's proposed instruction, those facts would have supported the apparently-incriminating reasoning set forth in Note 8. Far from being essential to Nass's theory of the case, or prejudicial by its absence, the proposed instruction could have harmed Nass. The trial judge adequately and fairly responded to the jury's queries within the limits set by the trial record.

418

## IV

Because there was sufficient evidence to support conviction, and because the district court made no error in rejecting Nass's proposed jury instruction, we AF-FIRM the judgment of the district court.